FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★   APR 01 2008   ★

LONG ISLAND OFFICE

MOVANT'S COUNSEL IS DIRECTED TO SERVE A COPY OF THIS ORDER ON ALL PARTIES UPON RECEIPT, VIA FACSIMILE.

March 30, 2010

*Arthur Aizley*
*212-898-4051*
*Arthur.Aizley@sdma.com*

*Via Electronic Filing*
The Honorable Arthur D. Spatt
United States District Court
Eastern District of New York
Long Island Courthouse
100 Federal Plaza
Central Islip, NY 11722

Re: Suffolk Federal Credit Union v. CUMIS Insurance Society, Inc.
    Case 2:10-cv-00001-ADS -ETB

Your Honor:

I am counsel for CUMIS Insurance Society, Inc. ("CUMIS") a defendant in the above-referenced matter. I write to inform the Court of a development with respect to CUMIS's Motion To Dismiss or Stay on Abstention Grounds Based Upon the "First-to-File" Rule, which was filed on February 8 2010, and is now fully briefed.

CUMIS's motion was predicated on a first-filed action then pending in federal court in Wisconsin. After briefing on this motion was completed, the Wisconsin action was remanded to state court.

CUMIS believes that the relief it seeks via the motion at issue, dismissal or stay based on the first-filed action, remains entirely appropriate despite remand of the first-filed action to state court. However, CUMIS concedes that legal basis for its request is impacted by the change in venue of the Wisconsin action – and that the briefing currently before the Court invokes a no longer applicable legal standard. Specifically, while the "first-filed" rule is applicable with respect to previously filed *federal* actions, dismissing or staying a federal action in favor a *state* action is analyzed under the abstention doctrine.

Thus, it is plain that the briefing currently before the Court is no longer addequate to support the requested relief. The wrong cases are cited, the wrong legal standard invoked. There are at least two choices for how to proceed. First, the Court could permit each side to submit an additional supplemental brief with respect to the pending motion – CUMIS prefers this option. Alternatively, the Court may wish to deny the pending motion as moot, and grant CUMIS permission to file a new motion invoking the now applicable authority. We have conferred with Suffolk, which asserts that CUMIS's "first-filed" motion is no longer proper and must be withdrawn or denied. CUMIS does not agree, as CUMIS continues to seek the same relief based on the same facts, and only the applicable legal standard has now changed. Accordingly, CUMIS believes that permitting the parties to submit additional briefing regarding the now-applicable legal standard is the more efficient way to proceed.

The Honorable Arthur D. Spatt
Re: Suffolk Federal Credit Union v. CUMIS Insurance Society, Inc.
March 30, 2010
Page 2

To the extent the Court believes that the proper solution is for CUMIS to file a new motion based on the constitutional abstention doctrines, CUMIS is obviously willing to do so. However, CUMIS's current motion to dismiss or stay is currently serving as CUMIS's responsive pleading. To the extent that the Court believes a new motion is the preferred solution, CUMIS asks that the Court set a deadline for such motion, and permit such motion be permitted to serve as a responsive pleading until and unless the Court denies such motion, in which event CUMIS would have 14 days to answer pursuant to Fed. R. Civ. P. 12(a)(4)(A).

Thank you for your consideration of the above.

Respectfully Submitted,

/s/ Arthur H. Aizley (AA-5049)


Arthur H. Aizley
Sedgwick, Detert, Moran & Arnold LLP

AXA/axa

cc: Counsel of Record by Electronic Filing

*Cumis's pending motion is denied without prejudice and with leave to renew within 30 days of the date of this order. This renewed motion may serve as a responsive pleading as long as the motion is pending. The Plaintiff's opposition papers and Cumis's reply shall be filed in accordance with EDNY Local Rule 6.1. So Ordered.*

Arthur D. Spatt, U.S.D.J.
4/1/10